```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

DOROTHY KULIK, AS NEXT FRIEND      CIV. NO. 24-00101 LEK-KJM
FOR JOHN AND JANE DOE 1-168,634,
HAWAII STATE MINORS,

              Plaintiff,

     vs.

STATE OF HAWAII,  COUNTY OF
KAUAI, STACEY A. ALDRICH, HAWAII
STATE LIBRARIAN,

              Defendants.
```

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT;
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT;
AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On March 4, 2024, pro se Plaintiff Dorothy Kulik ("Plaintiff") filed the Verified Complaint for Equitable Relief, U.S. Const., Amends. 8, 9, 14 ("Complaint"). [Dkt. no. 1.] On March 8, 2024, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 4.] For the reasons set forth below, the Complaint is dismissed without prejudice. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended complaint survives the screening process.

**BACKGROUND**

Although the Complaint is unclear, the allegations supporting Plaintiff's claims appear to be as follows. Plaintiff purports to bring claims on behalf of unidentified minors, who appear to be every minor child enrolled in Hawai`i Department of Education ("DOE") schools during the 2022-2023 school year ("Minor Plaintiffs"). [Complaint at pg. 1, n.1.] Elsewhere, Plaintiff asks that the Court's decision apply to all children in all fifty states. [Id. at pg. 16, ¶ J.] Plaintiff alleges Defendants State of Hawai`i ("the State"), County of Kaua`i ("County), and Hawai`i State Librarian Stacey A. Aldrich ("Aldrich" and collectively, "Defendants") promote pornography to minors, in violation of Title 18 United States Code Section 1470. [Id. at pg. 1; id. at pg. 3, § C.] Plaintiff alleges she "verified" that the Hawai`i Public Library system provides pornography to the Minor Plaintiffs. [Id. at pg. 7, ¶ B.1.] Plaintiff alleges the Minor Plaintiffs are being sexually abused. [Id. at pg. 2, ¶ B.2; id. at pgs. 11-12.] Plaintiff also alleges Hawai`i Revised Statutes Section 712-1215[1] is

---

[1] Section 712-1215 provides:

(1) A person commits the offense of promoting pornography for minors if:

(. . . continued)

2

unconstitutional, and violates the rights of minors, although it is unclear what aspect of Section 712-1215 Plaintiff takes issue with.[2] [Id. at pgs. 1-3.]

Plaintiff alleges she is banned from the Līhu`e branch of the Hawai`i Public Library system. [Id. at pg. 7, ¶ B.1.] She also includes allegations about an incident in which she was

---

> (a) Knowing its character and content, the person disseminates to a minor material which is pornographic for minors; or
>
> (b) Knowing the character and content of a motion picture film or other performance which, in whole or in part, is pornographic for minors, the person:
>
>> (i) Exhibits such motion picture film or other performance to a minor;
>>
>> (ii) Sells to a minor an admission ticket or pass to premises where there is exhibited or to be exhibited such motion picture film or other performance; or
>>
>> (iii) Admits a minor to premises where there is exhibited or to be exhibited such motion picture film or other performance.
>
> (2) Subsection (1) does not apply to a parent or legal guardian of the minor or to a sibling of the minor, or to a person who commits any act specified therein in the person's capacity and within the scope of the person's employment as a member of the staff of any public library.
>
> (3) Promoting pornography for minors is a class C felony.

[2] Plaintiff appears to indicate her position regarding Section 712-1215 is explained more fully in her "Petition for Judicial Review," which she states was "filed simultaneously" with the Complaint. See Complaint at pg. 3, ¶ C.1.a. However, Plaintiff has filed no such document in the instant case.

3

detained by a Kaua`i Police Department ("KPD") officer, [id. at pgs. 7-9,] allegations that Plaintiff suffered electromagnetic pulse attacks, [id. at pgs. 9-11,] and allegations about the effects of child sexual abuse, [id. at pgs. 12-15].

Plaintiff asks the Court to: permanently enjoin Defendants from promoting pornography to minors; order the destruction of the pornography designed for minors; reinstate the children's literature recently removed for reasons of political correctness[3] from the Hawai`i public libraries; require the Hawai`i Public Library system to lift the ban against Plaintiff at the Līhu`e branch; convict Aldrich of violating Title 18 United States Code Sections 1470 and 2388; and ensure that no State or County employees retaliate against Plaintiff. [Id. at pgs. 15-16, § IX.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action
> commenced pursuant to Section 1915(a) to

---

[3] It is unclear what literature Plaintiff refers to.

4

> mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[4] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua*

---

[4] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> *sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

## DISCUSSION

I. **Screening of the Complaint**

   A. **Federal Rule of Civil Procedure 8**

While the Court is obligated to liberally construe Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Plaintiff must still follow all applicable rules, including the Federal Rules of Civil Procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).[5] Plaintiff has

---

[5] King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc). See,
(. . . continued)

failed to plead "a short and plain statement" of her claims as required by Federal Rule of Civil Procedure 8(a)(2). Under Rule 8, a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiff does not meet this standard. The allegations against Defendants are unclear, particularly the theory under which Defendants are allegedly liable. Further, different portions of the Complaint do not appear related to each other. For example, it is unclear how the allegations of an incident in which Plaintiff was detained by a KPD officer, [Complaint at pgs. 7-9,] and allegations that Plaintiff suffered electromagnetic pulse attacks, [id. at pgs. 9-11,] relate to Plaintiff's allegations which otherwise center on alleged pornography being distributed by the Hawai`i Public Library system. The Complaint must be dismissed on this basis.

B. **Standing**

The Complaint must be dismissed for the additional reason that Plaintiff has not sufficiently alleged that she has standing to pursue her claims. See Dep't of Com. v. New York, 139 S. Ct. 2551, 2565 (2019) ("Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies.'

---

e.g., Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *3 (D. Hawai`i Feb. 25, 2019).

For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue."). "To have standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Id. (citation and quotation marks omitted). A "conjectural or hypothetical" injury is insufficient to satisfy the standing requirements. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citation and internal quotation marks omitted). Plaintiff fails to allege an injury sufficient for standing on behalf of herself or the Minor Plaintiffs she is attempting to bring the suit on behalf of.

Plaintiff's claims appear to center on prohibiting the Hawai`i Public Library system from distributing materials Plaintiff alleges are pornographic to minors. However, Plaintiff has not alleged she has been injured by the library's distribution of pornographic materials. Instead, Plaintiff states she has standing "because any person who is of sound mind, who has attained majority, who can represent and protect the interest of a Minor, who is a resident of the State of Hawaii and whose interest is not adverse to that of the Minor, may represent Minors as their Next Friend." [Complaint at pg. 4, ¶ IV.A.] However, even if Plaintiff could bring suit on behalf of the Minor Plaintiffs, she does not allege how the Minor

8

Plaintiffs have been injured. She asserts in a conclusory manner that the Minor Plaintiffs have suffered sexual abuse, see Complaint at ¶ B.2, but the Complaint does not include any factual allegations relevant to this assertion, including how, when, where or by whom this alleged abuse occurred. Moreover, it is unclear how this alleged abuse is connected to the gravamen of Plaintiff's Complaint. Plaintiff has therefore not alleged an injury sufficient for standing on behalf of herself or the Minor Plaintiffs.

Further, even if the allegations were clear, it does not appear that Plaintiff could bring suit on behalf of minor children. Plaintiff appears to allege standing on behalf of all minor children within the DOE system. See id. at pg. 1 & n.1. However, a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975) (citations omitted). In order to assert the rights of another, Plaintiff must meet two requirements: (1) she "has a close relationship with the person who possesses the right"; and (2) "there is a hindrance to the possessor's ability to protect his own interests." See Kowalski v. Tesmer, 543 U.S. 125, 130, (2004) (citations and internal quotation marks omitted). These requirements are not satisfied here. Plaintiff does not appear to have a "close" relationship with the

9

unidentified Minor Plaintiffs. First, because the Minor Plaintiffs are unidentified, it is impossible for the Court to determine the extent of Plaintiff's relationship with them. The unidentified Minor Plaintiffs appear to be all children in DOE schools, and Plaintiff does not allege information sufficient to demonstrate a close relationship for standing purposes with any, let alone all, of the children in DOE schools. Finally, Plaintiff does not allege these unidentified minors are hindered from bringing suit. Moreover, Plaintiff cannot proceed pro se if she is litigating in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." (citations omitted)); see also Local Rule LR81.1(a) ("Those proceeding without an attorney, i.e., 'pro se' or 'in propria persona,' must appear personally on behalf of themselves only[.]"). As such, even if Plaintiff clarifies the allegations in her Complaint, it does not appear that she can bring suit on behalf of all children in public schools in Hawai`i.

        Additionally, to the extent that Plaintiff seeks to have Aldrich convicted of violating Title 18 United States Code Sections 1470 and 2388, Plaintiff does not have standing to make such a request. See Daniels v. Novant Health, Inc., Case No. 22-

10

cv-00295-DKW-WRP, 2023 WL 3434933, at *2 (D. Hawai`i May 12, 2023) ("Standing to initiate a federal criminal investigation or prosecution lies within the exclusive province and discretion of the United States Department of Justice — not the judiciary and not the private citizenry." (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Cort v. Ash, 422 U.S. 66, 79-80 (1975))).

The Complaint must be dismissed because Plaintiff does not have standing to pursue any of the claims she attempted to assert in the Complaint.[6]

C. **Ruling and Leave to Amend**

For the foregoing reasons, the Complaint is DISMISSED. However, because it is arguably possible for Plaintiff to cure the defects in the Complaint, the dismissal must be without prejudice – in other words, with leave to amend. See Lucas, 66 F.3d at 248.

If Plaintiff should so choose, Plaintiff may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. To do so, Plaintiff's amended complaint must explain: (1) the specific basis for federal jurisdiction; (2) the constitutional, statutory, or other legal rights she believes were violated; (3) each defendant's precise actions or

---

[6] The Court notes the grounds for dismissal identified in this Order are sufficient to dismiss, but are not exhaustive.

inactions; (4) when each defendant acted or failed to act; (5) how each defendant's actions or inactions are connected to the alleged violations of Plaintiff's rights; and (6) the specific injuries that Plaintiff suffered as a result of the defendants' conduct. Failure to affirmatively allege that each defendant's conduct is connected to a specific injury Plaintiff suffered will result in such allegations being dismissed for failure to state a claim.

Plaintiff's amended complaint must be a short and plain statement. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's amended complaint must include all of the claims that she wishes to allege, and all of the allegations that her claims are based upon, even if she previously presented them in the original Complaint. She cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if she fails to file her amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, her claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

II. **Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Plaintiff files a second amended complaint. If any portion of Plaintiff's second amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Verified Complaint for Equitable Relief, U.S. Const., Amends. 8, 9, 14, filed March 4, 2024, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to filing an amended complaint. Plaintiff is GRANTED leave to file her amended complaint by **July 1, 2024.** The amended complaint must comply with the terms of this Order. Plaintiff is CAUTIONED that, if she fails to file an amended complaint by **July 1, 2024,** the Complaint will be dismissed with prejudice on **July 2, 2024.**

The Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 8, 2024. If Plaintiff chooses to file a second amended complaint, and at least a portion of it survives the

13

screening process, the merits of the Application will be addressed.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, May 2, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DOROTHY KULIK, ETC. VS. STATE OF HAWAII, ET AL; CV 24-00101 LEK-KJM; ORDER: DISMISSING PLAINTIFF'S COMPLAINT; GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**