UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DOROTHY KULIK, AS NEXT FRIEND FOR JOHN AND JANE DOE 1-168,634, HAWAII STATE MINORS,<br><br>                Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII; COUNTY OF KAUAI; STACEY A. ALDRICH, HAWAII STATE LIBRARIAN, et al.<br><br>                Defendants. | CIV. NO. 24-00101 LEK-KJM |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On March 4, 2024, pro se Plaintiff Dorothy Kulik ("Plaintiff") filed the Verified Complaint for Equitable Relief, U.S. Const., Amends. 8, 9, 14 ("Complaint"). [Dkt. no. 1.] On April 8, 2024, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 4.] On May 2, 2024, the Court issued an order dismissing Plaintiff's Complaint with leave to amend, and reserving ruling on Plaintiff's Application. [Order: Dismissing Plaintiff's Complaint; Granting Plaintiff Leave to File an Amended Complaint; and Reserving Ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees

or Costs, filed 5/2/24 (dkt. no. 13) ("5/2 Order")[1].] On May 13, 2024, Plaintiff filed another Application to Proceed Without Prepaying Fees or Costs ("Second Application"). [Dkt. no. 29.] On July 29, 2024, Plaintiff filed a "Notice of Increased Income." [Dkt. no. 53.] On June 28, 2024, Plaintiff filed the "Verified First Amended Complaint 42 USC § 1983 and 42 USC § 12101 *et. seq.*, Title II, Subtitle A" ("Amended Complaint"). [Dkt. no. 45.] For the reasons set forth below, the Amended Complaint is dismissed without leave to amend, and the Application and the Second Application are denied as moot.

## BACKGROUND

Although the Amended Complaint is unclear, the Court construes the allegations as follows. Plaintiff brings claims on behalf of unidentified minor Plaintiffs, who appear to be every minor child enrolled in Hawai`i public schools between 2022 and 2023. [Amended Complaint at pg. 1 & n.1.] Elsewhere, Plaintiff argues the Court's decision must apply to all children in public schools in all fifty states. [Id. at pg. 33.] Plaintiff also brings claims on her own behalf. [Id. at pgs. 25-27; 29-30.]

The gravamen of the Amended Complaint appears to be the failure to educate children in the Hawai`i public school system in a safe environment, including by promoting pornography

---

[1] The 5/2 Order is also available at 2024 WL 1971989.

2

by way of the Hawai`i public library system. See id. at pgs. 8-
13, 17-19; id. at pgs. 32-33 (requesting relief). Plaintiff
alleges Defendants Hawai`i Department of Education ("DOE") and
Hawai`i State Librarian Stacey A. Aldrich ("Aldrich"), the
librarian responsible for all literature in the children's
department of the Hawai`i Public State System, implemented an
institutionalized child sex abuse policy, which was then
promoted by Defendants Kaua`i County Council ("KCC") and Kaua`i
Police Department Chief Todd G. Raybuck ("Raybuck"); and
sponsored by the United States Department of Education and
Congress. [Id. at pgs. 2-3, 17.]

On behalf of students, Plaintiff alleges a claim for
violation of Title 42 United States Code Section 1983 against
all Defendants for failing to educate students in a safe
environment; [id. at pgs. 21-25;] and a claim for violation of
Title 42 United States Code Section 12101 against the DOE and
Aldrich for exposing students to sexual abuse; [id. at pgs. 27-
29]. Plaintiff also alleges Hawai`i Revised Statutes Section
712-1215 is unconstitutional and violates the rights of minors,
although it is unclear what aspect of Section 712-1215 Plaintiff
takes issue with. [Id. at pgs. 4, 8-13.] In connection with
these allegations, Plaintiff asks the Court to enforce Title 18
United States Code Section 1470 nationwide. [Id. at pg. 13.]

Plaintiff also alleges claims against KCC and Raybuck for incidents involving Plaintiff that occurred prior to the initiation of this lawsuit, as well as after the initiation of this lawsuit. See, e.g., id. at pgs. 18-21. Plaintiff's Amended Complaint includes allegations about: an officer banning Plaintiff from the library in December 2022 for calling 911 to report the distribution of pornography; [id. at pg. 18;] instances of Plaintiff using a megaphone in March 2023 and August 2023; [id. at pgs. 18-19;] an instance after Plaintiff used her megaphone in September 2023, where an officer allegedly attempted to assault Plaintiff and illegally detained Plaintiff; [id. at pg. 19;] incidents in September 2023 when Plaintiff was subjected to electro-magnetic pulse attacks, apparently by KCC and Raybuck, who know Plaintiff has supraventricular tachycardia ("SVT") and "seek to short [Plaintiff] out"; [id.;] KCC and Raybuck's alleged spying on Plaintiff's laptop through a remote desktop application; [id. at pg. 20;] and a police officer's alleged direction to a third-party to destroy Plaintiff's solar panels, [id.].

On Plaintiff's own behalf, Plaintiff brings the following claims: a Section 1983 claim against KCC and Raybuck for cruel and unusual punishment stemming from banning Plaintiff from the Līhu`e branch of the Hawai`i public library, for attempting to prevent her from asserting this lawsuit, and

4

denying her due process rights in other state court proceedings; [Amended Complaint at pgs. 25-27;] and a claim for violation of Section 12101 against KCC and Raybuck for attempting to kill Plaintiff by short-circuiting her SVT, [id. at pgs. 29-30].

Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and costs, an injunction prohibiting Defendants from engaging in a variety of actions related to students, an order requiring the DOE and Aldrich to: destroy the pornography designed for minors, reinstate pre-2008 literature, and order Aldrich to lift the ban against Plaintiff at the Līhu`e public library, an order prohibiting all Defendants from rescinding public WiFi from Plaintiff, and an order requiring the KCC and Raybuck to stop retaliating against Plaintiff. [Id. at pgs. 32-33.]

## STANDARD

The standards applicable to a screening analysis were stated in the Court's previous order and will not be repeated here. See 5/2 Order at 4-6.

## DISCUSSION

### I.   Screening of the Complaint

#### A.   Federal Rules of Civil Procedure 18 and 20

While the Court is obligated to liberally construe Plaintiff's Amended Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Plaintiff must still follow all

5

applicable rules, including the Federal Rules of Civil Procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).[2]

The gravamen of the instant case is Plaintiff's allegations against the DOE and Aldrich about failing to educate children in the Hawai`i public school system in a safe environment. See Amended Complaint at pgs. 8-13, 17-19; id. at pgs. 32-33 (requesting relief). However, Plaintiff also alleges separate claims against KCC and Raybuck for incidents involving Plaintiff that occurred prior to the initiation of this lawsuit, as well as after the initiation of this lawsuit. See, e.g., id. at pg. 21. The claims are improperly joined.

Plaintiff may join as many claims as she has against a single defendant. See Fed. R. Civ. P. 18. "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." Weeks v. Espinda, Civil No. 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Hawai`i June 2, 2010). Defendants may be joined if the following two requirements are satisfied: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[2] King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc). See, e.g., Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *3 (D. Hawai`i Feb. 25, 2019).

occurrence, or series of transactions or occurrences; and"
(2) "any question of law or fact common to all defendants will
arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Unrelated
claims involving different defendants belong in different suits.
See Char v. Kaiser Hosp., CIV. NO. 18-00345 JAO-RLP, 2019 WL
80890, at *3 (D. Hawai`i Jan. 2, 2019).

       Here, Plaintiff asserts claims regarding the unsafe
environment of children in public schools, as well as claims
based on apparently unrelated incidents regarding Plaintiff's
exposure to electromagnetic pulses, Plaintiff's ban from the
Līhu`e branch of Hawai`i public library system, Plaintiff's
false arrest, and retaliation that occurred after the filing of
the instant case, involving the post office system. These claims
cannot proceed in a single action unless permitted by Rule 18 or
Rule 20. Plaintiff cannot pursue unrelated claims in a single
suit. However, Plaintiff may raise any unrelated claims in a
separate action or actions. See D'Agirbaud v. Kam, Civil No. 20-
00139 JAO-KJM, 2020 WL 3258408, at *5 (D. Hawai`i June 16,
2020).

       The claims unrelated to the gravamen of the Amended
Complaint – the claims unrelated to children's exposure to an
unsafe environment in public schools – must either be severed or
dismissed. See Easter v. CDC, 694 F. Supp. 2d 1177, 1191 (S.D.
Cal. 2010) ("The different location, time period, and defendants

7

all suggest that instead of attempting to amend the pending Complaint, a separate action may be more appropriate." (citations omitted)). These unrelated claims are the claims that Plaintiff brings on her own behalf: a Section 1983 claim against KCC and Raybuck for cruel and unusual punishment stemming from banning Plaintiff from the Līhu`e branch of the Hawai`i public library, for attempting to prevent her from asserting this lawsuit, and denying her due process rights in other state court proceedings; [Amended Complaint at pgs. 25-27;] and the claim for violation of Section 12101 against KCC and Raybuck for attempting to kill Plaintiff by short-circuiting her SVT; [id. at pgs. 29-30].

Plaintiff appears to bring her claim against KCC and Raybuck for attempting to kill Plaintiff by short-circuiting her SVT pursuant to Title II, Part A of the Americans with Disabilities Act of 1990 ("ADA"). See Amended Complaint at pg. 26. The incident that forms the basis for this claim appears to have occurred in March 2024. See Amended Complaint at pg. 20. Therefore, this claim is not in danger of being time-barred because the statute of limitations for claims brought pursuant to Title II of the ADA is at least two years. See Imamoto v. Soc. Sec. Admin., Civil No. 08-00137 JMS/KSC, 2008 WL 4657811, at *4 (D. Hawai`i Oct. 21, 2008) (noting that claims brought pursuant to Title II of the ADA are governed by a two-year

8

statute of limitations period); <u>Rohr v. Crime Victims Comp.</u>
<u>Comm'n</u>, CIV. NO. 16-00162 LEK-RT, 2019 WL 3294798, at *5 (D.
Hawai`i July 22, 2019)[3] (noting that a four-year statute of
limitations period under 42 U.S.C. § 1658 applies to a Title II
claim that is made possible by the Americans with Disabilities
Amendments Act of 2008).

 Plaintiff's Section 1983 is similarly not in danger of
being time-barred. For Section 1983 claims, the statute of
limitations in Hawai`i is two years. <u>See</u> <u>Pele Defense Fund v.</u>
<u>Paty</u>, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992) (noting
that the "'general' personal injury" limitation period in Haw.
Rev. Stat. § 657-7 of two years applies to Section 1983 actions
in Hawai`i). Plaintiff bases this claim on three allegations:
banning her from the Līhu`e branch of the Hawai`i public
library, for attempting to prevent her from asserting this
lawsuit, and denying her due process rights in other state court
proceedings. [Amended Complaint at pgs. 25-27.] While Plaintiff
does not state when the separate state court proceeding took
place,[4] the other bases for this claim are recent, and thus the

_____

 [3] <u>Rohr</u> was affirmed by the Ninth Circuit. <u>See</u> No. 20-15051,
2022 WL 500928 (9th Cir. Feb. 18, 2022).

 [4] In the event the portion of Plaintiff's claim regarding
due process in separate state court proceedings would become
time barred between the filing of this order and the filing of a
new suit, Plaintiff could argue equitable tolling applies,
(. . . continued)

claim is not in danger of being time-barred. Plaintiff alleges
she was banned from the Līhu`e branch of the Hawai`i public
library in December 2022, see Amended Complaint at pg. 20, and
preventing Plaintiff from pursuing the instant lawsuit appears
to have occurred following the filing of the Complaint in March
2024, see generally Complaint.

Therefore, Plaintiff will not be prejudiced by the
dismissal of the improperly joined claims. Dismissal is without
prejudice to raising these claims in a separate proceeding.

**B.   Claims on Behalf of Students**

The Court thus analyzes the remaining claims.
Plaintiff alleges claims on behalf of minor children within the
Hawai`i public education system related to these children's
alleged exposure to an unsafe environment. Plaintiff alleges a
Section 1983 claim against all Defendants for failing to educate
students in a safe environment; [Complaint at pgs. 21-25;] and a
claim for violation of Section 12101 against the DOE and Aldrich
for exposing students to sexual abuse; [id. at pgs. 27-29].
Plaintiff may not assert claims on behalf of these unidentified
school children. The standards regarding third-party standing
were stated in the Court's previous order and will not be

thereby lessening any potential prejudice. See Irwin v. Dep't of
Veterans Affs., 498 U.S. 89, 95 (1990) (stating "[t]ime
requirements in lawsuits between private litigants are
customarily subject to equitable tolling" (quotation omitted)).

10

repeated here. See 5/2 Order at 9-10. Plaintiff's Amended
Complaint fails to cure the deficiencies identified in the 5/2
Order. The minor children remain unidentified, making it
impossible for the Court to determine the extent of Plaintiff's
relationship with them. See generally Amended Complaint.
Plaintiff also admits she does not have a close personal
relationship with the students. See id. at pg. 4. Plaintiff
lacks standing to pursue claims on behalf of these children for
this reason alone. See 5/2 Order at 9 (quoting Kowalski v.
Tesmer, 543 U.S. 125, 130 (2004)). Further, while Plaintiff
attempts to give reasons why some of the minors may be hindered
in bringing suit, such as some parents may not be able to afford
lawyers or some parents are perverted, it is not apparent how
each of these unidentified minors are hindered from bringing
suit. See generally Amended Complaint at pg. 5. Finally, as a
pro se party, Plaintiff may not pursue claims on behalf of
others. See 5/2 Order at 10 (quoting Simon v. Hartford Life,
Inc., 546 F.3d 661, 664 (9th Cir. 2008); Local Rule LR81.1(a).
Plaintiff's claims on behalf of certain unidentified public
school children are dismissed on this basis. Dismissal is
without leave to amend, because Plaintiff has already been
afforded an opportunity to amend, and it is clear that further
amendment would be futile. See Hoang v. Bank of Am., N.A., 910
F.3d 1096, 1102 (9th Cir. 2018).

## II.  Applications

Because Plaintiff's claims are dismissed, Plaintiff's Application and Second Application are denied as moot.

### CONCLUSION

On the basis of the foregoing, Plaintiff's "Verified First Amended Complaint 42 USC § 1983 and 42 USC § 12101 *et. seq.*, Title II, Subtitle A," filed June 28, 2024 is HEREBY DISMISSED without leave to amend. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed April 8, 2024; and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 13, 2024, are DENIED as moot. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter final judgment and close the case on **August 23, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 8, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DOROTHY KULIK, ETC. VS. STATE OF HAWAII, ET AL; CV 24-00101 LEK-KJM; ORDER: DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT**